Well, next here are the attorneys in United States v. America v. State of New Jersey. You can proceed when you're ready. Good morning, Your Honors. May it please the Court, my name is Tom Monaghan. I represent the potentially intervening party, Christopher Skegel, with regard to this matter. I'm going to start off with this key point, Your Honors, is that I don't believe we'd be here without a decision from the Superior Court of New Jersey Appellate Division, which was entered on September 30th, 2008. In that decision authored by Judge Karchman, he indicated that, with regard to this matter, that the U.S. attorneys should take specific action. One key point of that action was that they should make an application to the federal district court for an interpretation of a specific issue dealing with the 1980 consent decree. That action wasn't taken. The end result was that Deputy Chief Skegel, in order to protect his position, in a sense had to take up the oar and file that motion to intervene. The case is procedurally rather complex to the extent that there was a multiple series of cases. The earliest one starts in 1977 when resulting in the 1980 consent decree. A litigation filed over 33 years ago that affected Mr. Skegel's direct case and his position, which most significantly he has held right now for three years, commencing on just short of three years, March 30th of 2007. He's held that position for three years as a result of actions taken by the U.S. Attorney's Office in directing the Merit System Board, which is now under a new entity. They, in a sense, went around the Appellate Division's direction and went directly at a hearing, placing Mr. Skegel's, or Deputy Chief Skegel's, position in jeopardy. He's, in a sense, an innocent party in this matter to the extent that he has done everything he's supposed to do. Mr. Skegel wants to intervene in an existing action. What is the existing action? It would be the United States case versus State of New Jersey. I thought that was concluded a long time ago. Well, Your Honor, it's been resolved to the extent that there was a consent decree obviously entered in 1980 and 1990. However, many of the existing cases in a multitude of jurisdictions indicate that if you are – there cannot be no collateral attack or, in a sense, an interpretation of the consent decree except in that existing action. In fact, there are cases that indicate that the only remedy is to intervene in the proceeding that culminated in the decree. But that's over. Well, in a sense, it's still an existing litigation. It does say – the existing case law does say that collateral attack is forbidden. What about Antonelli? Well, Antonelli, I believe that it is distinguishable to this case, most significantly because the reference to a property right, a protected property right. Deputy Chief Skegel's case is dissimilar from all others to this extent. His position has been held for three years, and all the other cases dealt with situations where they said there may be property rights. It's possible they have property rights. Is there a property right in a job improperly awarded? Well, Your Honor, I believe that the difference is this. This is – factually, I'm just going to cut through the distinguishable factors with regard to that. In 2005, the matter is settled. It's settled, and I'll just rely on that date because it becomes significant. The date in which it's settled is March of 2007. On July 31st of 2007, the city of Passaic had actually gone to the Merit System Board for an interpretation of whether or not he would be permitted to take the deputy chief's exam and whether the one year in grade would be applicable to him. He – that decision is rendered on January 31st, 2007. The city of Passaic was the one that made that application. They were a signatory in a sense of the consent decree. He enters into the settlement on – in March of 2007 as a result of it, resulting in his appointment as of March 30th, 2007. Now, the significance of that is is that there is another interpretation also by the Merit System Board which occurs with regard to the affirmation of that decision in the Martinez matter. In two situations, the Merit System Board has overridden that requirement and has since said that the 10 – the one year in grade does not apply. Deputy Chief Skegel settled the litigation, resolved it entirely based upon that determination, acted upon by – But then the Department of Justice objected in December of 2008. The Jersey Civil Service Commission ruled that the time in grade requirement should not have been relaxed. That occurred, obviously, Your Honor, after the appellate division's decision saying go to the district court for a determination if you choose to continue to proceed on that matter. Rather than doing that, they send a letter to the board requiring a hearing. The board makes that decision, Your Honor, entirely accurate with regard to what occurs in December of that year. But that's, in a sense, what happened was the U.S. attorney, ignoring the fact that the Merit System Board had made two decisions that Deputy Chief Skegel had relied on, they – and ignored the appellate division, allowing a fair and complete decision on the matter, they wrote the letter to the board, had them have the hearing, and resulted in further litigation to the extent. So Deputy Chief Skegel, in our position, is totally innocent with regard to what he did. He entered into a settlement. The city of Passaic was a signatory of the consent decree, also brought the application before the Merit System Board. Our position, Your Honor, is with regard to the application of the consent decree, that issue and Deputy Chief Skegel's three years in his position should have put him in the position of an intervening party to allow the issue to be heard, to give him his day in court. Because of the issue of the restriction of collateral attack, we filed the motion to intervene. The city of Passaic didn't take any action, nor did the U.S. attorney's office. Obviously, they could have consented to permit Judge Walz to hear that issue. But realizing, in a sense, that if they blocked that, and if the city of Passaic took no action to support Deputy Chief Skegel, in order for him to assail that determination, he had to file the motion to intervene.  With regard to the matter, What does your, if I understand correctly, your client wishes to intervene for the purpose of suggesting and arguing to the court that the consent decree no longer serves its intended purpose and should be terminated? That is one issue, Your Honor. Obviously, the other issue would be an interpretation of its applicability to Deputy Chief Skegel. This case is also proceeding before the New Jersey Appellate Division as well. But it's, in a sense, both issues. Our key point with regard to the consent decree Well, isn't that clearly, to the extent he's arguing that, isn't that clearly inconsistent with Antonelli and its counsel that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it, even though they may be intended to benefit? Well, Your Honor, I believe that the, in effect, he is being penalized and his property right is being taken as a result of it. So our position is that we are distinct, and we're the only case, in my opinion, that has had this factual scenario because of its, in a sense, bizarre history and multifaceted history, that I believe that Antonelli, in a sense, to the extent that it refers to the district court correctly held that the department did not violate the appellant's rights under due process clause of the 14th Amendment because appellants do not have a protected property interest. I believe, Your Honor, that this, this is, that Antonelli was not a situation where we were addressing someone who had held the position for three years, had gotten its benefits, had relied on those benefits, bought a new home to take other, take another action. In Antonelli, wasn't the, wasn't the protected property interest discussion in the context of a separate due process claim? Isn't there a paragraph that deals with just the, I guess the standing, if you will, under the consent decree? Later in the opinion, it deals with the due process argument on its own, and I think that's where the protected property interest is mentioned. Am I wrong on that? I believe, Your Honor, to the extent that it is mentioned twice in the opinion, but I think that the objective was to address it as a totality set of circumstances, that all the issues, in a sense, were addressed together. I do believe that even under the other cases that we cite, which include Vulcan Pioneers, et cetera, there seems to be a movement by the court to say, these cases are not situations in which someone has that protected property right. However, we would consider it under the appropriate circumstances. My position, Your Honor, and my client's position is that he presents probably the finest example of this circumstance. Okay. I mean, with regard to the United States, I would. Counsel, we can get you on rebuttal, okay? Yes, Your Honor. Thank you. Good morning, Your Honors. You can move it up. Make it a little more comfortable. There you go. My name is Deputy Attorney General Lisa Dorio-Rook on behalf of the Appellee State of New Jersey. We had originally requested five of the 15 minutes and that we would go second after the Department of Justice. However, we now request that we could go first because I was going to address the issues with regard to the procedural history and the concurrent state appellate matter, but also still five minutes, and then 10 minutes for the Department of Justice afterwards if that would be. That's fine. Thank you, Your Honor. We recognize that this case has a very tortured procedural history, and to the extent that Your Honors would have any questions, I can certainly address those now. Does Mr. Skegel have property interests? No, Your Honor. Oh, God. It's long been the Department of Personnel. And once again, there's a footnote in our brief that the Department of Personnel, the Merit System Board, have now been transformed into the new and improved Civil Service Commission. Wait a minute. Slow down a little bit. Slow down. Run that by me again, please. As of June 2008, the former State of New Jersey Department of Personnel, of which the Merit System Board was a quasi-judicial portion of that department, but within that department, were transformed into a new entity, which is now referred to as the New Jersey Civil Service Commission. That name, Civil Service Commission, now refers to both the prior Department of Personnel as well as the subsumed Merit System Board. That's now the Civil Service Commission. So the nomenclature is a little confusing now. Does that mean it's in your brief, right? Yes, Your Honor. That's a footnote in our brief. Our position, I'm sorry, Your Honor, the question previously was the property. The question was not relating to the organization of these groups, but whether he has a property interest in the job he held for a period of time. No, Your Honor. It's long been the Department of Personnel and now the Civil Service Commission's position that the individuals do not have a property interest within their civil service title, especially here where Mr. Skeegle was seeking a promotion. And there's a very lengthy and complex civil service system as well as a regulatory system within New Jersey that, as well as here, the consent decree that creates almost a superstition. So under no circumstances would he have a protected property right in his job? Yes, Your Honor, under no circumstances. Our position has been, and it's throughout our brief, that the Antonelli case is controlling here. That is the key decision. It was a decision from this court with regard to the exact consent decree, with regard to very similarly situated individuals who were in Antonelli. It was individuals who had not yet been hired into the position of firefighter. They had taken the test but had not been fired. Mr. Skeegle, on the other hand, has already been a captain and is now seeking an appointment to deputy fire chief. However, all of these, both the Antonelli plaintiffs as well as Mr. Skeegle, are Caucasian. Therefore, they are not what is referred to in the consent decree. And its case law intended beneficiaries of the consent decree, nor were they parties to the consent decree. He certainly is an interested party, though, an interested person. Certainly, Your Honor, but there are thousands of interested people in New Jersey. So what remedy does he have? Your Honor, our position, frankly, Your Honor, it appears to me that his remedy would be against the city because that was the entity with which he originally contracted in the settlement agreement and the consideration for the dismissal of his original lawsuit against the city of Passaic was the quid pro quo of this position of deputy fire chief, which was, frankly, not within the city's control to award because that's obviously the consent decree is, for lack of a better term, the 800-pound gorilla with regard to all firefighter hiring and promotions within the state of New Jersey. And certainly, there's the Department of Justice involved in every step of the way, as well as the State Civil Service Commission. Also, previously, Judge Lurie, you had asked a question of our adversary with regard to whether or not the United States v. State of New Jersey matter is currently closed. That's actually an excellent question, although it is one of the oldest cases still. Presumptively, all questions from the bench are excellent questions. That case is actually still open. And, in fact, there is periodic activity with regard to that case. The parties to the matter are the State, the Department of Justice, as well as the 12 individual consent decree jurisdictions. And those cities are not allowed out of the consent decree until they meet very detailed percentage hiring goals with regard to both promotional and entry-level positions. And periodically, just from the past year, I believe the city of Patterson filed a motion to try to terminate the consent decree on the theory that they had met or at least substantially met some of the goals. That motion was unsuccessful, but that case still is open. Granted, we have a very long-lasting relationship with the Department of Justice, so most things don't rise to the matter of motion practice. But to the extent that the Department of Justice wanted to reopen the matter, that's certainly a tool that's constantly in their toolbox. Thank you, Counsel. Thank you, Your Honor. May I please court? My name is Teresa Kwong, and I represent the United States. I'd like to address some of the points that Skegel made today. First, Skegel, in his brief antedate, refers to the Superior Court's decision and how the Superior Court ordered the Department of Justice to determine the application of the consent decree to him. You want to put that microphone in front of you, please? Is that better? Yes, it is. Okay, great. First, I'd like to say the United States was not under the jurisdiction of the state court. We generally do not get involved in state civil service matters. But in response to the Superior Court decision, we did submit something to the state saying that we do not believe that the one-year requirement can be waived with respect to Skegel. We believe that this is a state matter, not a federal matter. And then with respect to Judge Lurie's question about what is the existing action here, and the parties have stated that the consent decree is continuing, but there was no motion or dispute before the district court that Skegel was attempting to intervene and to assert his rights. He's going under the regular docket number of the case, right? Yes. I mean, he just filed a complaint. He did not comply with the procedural requirements of Rule 24C. He didn't file a motion to intervene. And that actually has caused some problems in this case because we do not know what exactly is the federal interest that Skegel is asserting to intervene in this matter. We don't know what federal right he's trying to vindicate in federal court. Instead, Skegel is seeking to intervene to resolve an employment dispute that has nothing to do with race discrimination, which is the subject of our consent decree. Let's see, what other questions? Nothing to do with race discrimination? Isn't basically, wasn't his complaint that reverse discrimination? No, actually. If you look at his, I mean, this all started with his state court action against the city. And if you look at his second amended complaint, there are no allegations of race or national origin discrimination. The second amended complaint alleges that his problems all started in 2003 when he refused to file a false report to cover up for another firefighter who was drunk on the job. But here he's alleging he's been adversely impacted by a settlement in a race discrimination case. I'm not sure he's actually alleging that. I don't think he actually has a problem with the actual race neutral year and grade requirement. He's saying that what he wants is an exemption from the year and grade requirement. And that's a dispute he really has with the state because the state and the city cannot waive that requirement under the consent decree. So there's a tenuous connection. It is. I mean, the standard is significant. Let's see. He must show a significant protectable interest relating to the subject of the action. And Judge Lori, you pointed to a significant point where you said, well, what is his protectable interest here? And the state of New Jersey has addressed that. I'd like to also add that under New Jersey state law, in Ray Crowley, there is no protectable right in a promotion in light of the rule of three policy in the state of New Jersey. And here you not only have that decision, but you have the superior court decision that found that Skegel was not entitled to promotion to deputy chief because New Jersey violated the rule of three when it appointed him. And then the superior court remanded the matter to the state to certify a new list of candidates for the promotion. Thus, as determined by the state court with respect to Skegel, he had no legitimate interest in promotion to deputy chief independent of operation of the consent decree's year and grade requirement. And going back to the question of whether he really is alleging race discrimination, he really doesn't claim anything to do with race discrimination. He doesn't contend that he was discriminated based on race. He's just saying he just wasn't exempt from the year and grade requirement. He doesn't argue that the year and grade requirement had a disparate impact on non-minorities, not just him. It can't just be about him. It has to be about non-minorities in general. And he doesn't argue that the provision was applied to him in an intentionally discriminatory manner. He also never filed a Title VII charge with the EEOC. I mean, at bottom, Skegel's problem is with the state's inability to exempt him from the year and grade requirement, not with the requirement itself. So he appears to be arguing that the state or the city violated his due process rights by removing him from the certification list. Appropriately, he's seeking redress right now in state court, and that's where he should be. To the extent that Skegel is unhappy with the year and grade requirement and the consent decree, it's too late for him to intervene to challenge that. That requirement has been in the consent decree since its inception. He should not be allowed to intervene to challenge a longstanding provision that none of the parties to the consent decree disagrees with. Indeed, the year and grade requirement is a non-controversial, race-neutral requirement that's found in New Jersey civil service law and predates the consent decree. And to the extent that Skegel wants to challenge the consent decree as a whole, arguing that it should not apply anymore, it is the state and defendant municipalities who are the proper parties to seek that relief. Significantly, neither the state nor the city of Passaic is asking for the relief that Skegel seeks today. Your position is that under the consent decree, the United States has a right not to have the consent decree terminated absent a motion that's joined by the parties. Is that right? I'm saying that the United States could move for dissolution of the consent decree or the parties. Recently, the Supreme Court articulated the standard for dissolving consent decrees in Hornby Flores. The parties should be the ones to decide when the consent decree should be done. I thought there was a specific – I thought the briefing suggested there was a specific provision in the consent decree that required a joint motion as a predicate for termination. There is a paragraph 12, I believe, that's what you're referring to, in the consent decree. I'm not sure it has to be a joint motion. I think any of the defendants may file a motion to terminate the consent decree upon a showing that the combined proportion of blacks and Hispanics in the uniform ranks, et cetera, approximate their proportion in the civilian labor force. The defendants could file the motion. The government could agree. I think under Supreme Court law, any of the parties could move to dissolve a consent decree. One last point I'd like to make is that the purpose of intervention is judicial economy. In this matter, allowing intervention would provide no gains in efficiency and would, in fact, delay and complicate this case by introducing peripheral issues such as whether this year-in-grade requirement applies to this individual. So Antonelli is really the case we should be looking to? You should look at that, but you could also just look at other Third Circuit cases regarding the requirements for Rule 24, A2 interventions such as Harris or Mountaintop. Okay. Thank you very much. Thank you, Counsel. Your Honors, I'd like to point out one thing very quickly. First of all, I hope everyone in this room recognizes how patently unfair the position that is being taken by the United States and by, in a sense, the State of New Jersey. The patently unfair part of it is they say, as a matter of this chess game that we have created, Deputy Chief Skegel has no property rights. The chess game is this. You're ordered by the appellate division to or there's a direction by the appellate division to take action and go to federal court. We don't want to do that and give Deputy Chief Skegel to stay in court. What we want to do is put him in checkmate so none of his possible due process rights can be hurt. How patently unfair is that to the extent that Deputy Chief Skegel walks in and he says, listen, I just want to get hurt. I want to see if I can protect my job. No, 1980 consent decree, we will not move to open it. We will not follow the direction of the appellate court. We are omnipotent. We are not going to allow you your day in court. I think that another key point which was in a sense missed or in a sense maybe I misheard the statement of the U.S. Attorney was the fact that the appellate division made a direct determination that the rule of three should be invoked and that Martinez and Skegel would be part of that rule of three. What they did or the U.S. Attorney's Office by running it through the commission, they took that away from him. The end result is that he can't be part of that rule of three, in a sense overturning the appellate division's decision in that sense. We were only able to save his job by applying for appropriate stays. With regard to that. You suggested earlier that your client well may have a remedy against his employer or no? Judge, our position, I mean that obviously would be a very difficult position. That was a settled case, a resolved matter. We would have to open up that matter. It's also a situation where Deputy Chief Skegel has been with the city of Passaic for an extended period of time. Obviously he's been there for many, many years to be in the position of Deputy Chief. They are saying, all right, this is your result. I know you settled the case with them before. Just sue them again, your employer. And I mean part of this case deals with and the reason why Deputy Chief Skegel has fought so hard is because the firehouse is a very, a place where people work to try to save lives, but they also undercut each other. So he in a sense has to defend his position at all times. And to be honest with you with regard to that issue, for him to sue the city of Passaic and go after them with regard to it, would not only be deleterious to him, it would also be deleterious to the city of Passaic and the firefighters in Passaic. I believe that your Honor, to sit for them to say that, listen, we're not going to give you due process rights. I know that there's been two prior determinations that said you don't have to fulfill the one year in grade. We say the one year in grade is applicable and there is no hearing with regard to that matter by taking their position. I believe that your Honor, that this is the situation where the court should act to permit intervention and allow Deputy Chief Skegel his day in court. His Honor, Judge Lurie said, where else is he to go? That was a question that was asked. What due process rights would he have? If you listen to the United States, they say, nowhere, you're done. You can't go any further, despite what the appellate division said. Well, if you have due process rights, you can go to the district court under section 1983, can't you? Our position, your Honor, with regard to that is because of the existing case law and collateral attacks, we had to go under the State of New Jersey, or the United States versus State of New Jersey. That case law, I am sure that we would have been addressing motions saying you can't file that, you have to go in this action, but you're barred from proceeding in that manner. Anything else, Counsel? That's it, your Honor. Thank you. This case was very well briefed and well argued. Thank you. We'll take the case under advisement.